Martin J. Keenan
Martin J. Keenan, LLC
121 S. Whittier St., Suite 420
Wichita, KS 67207
Office: (316) 689-3503
Cell: (620) 793-0347
keenanlawyer@gmail.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF KANSAS

| | |
|---|---|
| JANIECE L. STRUNK ) | |
|     Plaintiff, ) | |
| ) | Case. No. 6:21-CV-1164 |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| AIRXCEL, INC. ) | |
|     Defendant. ) | **COMPLAINT** |
| _____ ) | |

COMES NOW the Plaintiff, Janiece L. Strunk, by and through her undersigned attorney, Martin J. Keenan of Martin J. Keenan, LLC, and hereby files this Complaint against AIRXCEL, INC. and states and alleges as follows:

### I. NATURE OF THE ACTION

This action is brought for wrongful discharge due to age discrimination and due to Plaintiff's disability.

The age discrimination claim is brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq. and amendments. The age discrimination complaint also is based on violations of the Kansas Age Discrimination in Employment Act, K.S.A. 44-1111, et seq. Plaintiff's dismissal was based, in large part, on her age, 58. At all times pertinent, Defendant was subject to the Age Discrimination in Employment Act of 1967, as codified, 29

U.S.C. §621-634, and the Kansas Age Discrimination in Employment Act, K.S.A. 44-1111, et. seq.

The second part of this action regards unlawful discharge of Plaintiff under the Americans with Disabilities Act at 42 U.S.C. §12101, et. seq and the Kansas Act Against Discrimination (K.S.A. 44-1001, et seq.  Defendant did not make reasonable accommodations for Plaintiff's disability, and her discharge was based in large part on the fact that she had a disability, and Defendant didn't want to have to accommodate her disability.

## II. JURISDICTION AND VENUE

1. This Court has original jurisdiction in this action pursuant to 29 U.S.C 621 and and 42 U.S.C. §2000e-5, inasmuch as the matter in controversy is brought pursuant to the federal Age Discrimination in Employment Act of 1967, and amendments and regulations. The Court has pendent claim jurisdiction under 28 U.S.C. §1376 (a).

2. At all times pertinent, Defendant was subject to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §621-634. Defendant has more than 20 employees.

3. The claim for violations of the Americans with Disabilities Act is made pursuant to 42 U.S.C. §12101, et. seq.  Said Act prohibits wrongful discharge due to a disability, and Defendant was subject to said Act. Defendant has more than 15 employees. The Kansas Act Against Discrimination, K.S.A. 44-1001, also applies.

## III. PARTIES

4. Plaintiff is a resident of Sedgwick County, Kansas, age 58, and was employed by the Defendant for 36 years. At all relevant times, she was a resident of Sedgwick County,

Kansas, residing at 7804 W. Ponderosa St., Wichita, KS 67202. At all relevant times, she was over the age of 40. Furthermore, Plaintiff was disabled due to back injuries and had restrictions.

5. Airxcel, Inc. is a Delaware Corporation registered to do business in Kansas. It's registered agent for service of process is Melvin L. Adams, 3050 St. Francis, Wichita KS 67219.

6. At all relevant times Airxcel was under the U.S. Age Discrimination Act of 1967 and the Kansas Age Discrimination in Employment Act. The Defendant employs over 100 people.

7. At all times pertinent, Defendant was subject to the Americans with Disabilities Act of 1990 as codified in 42 U.S.C. Ch. 126, §12101, et. seq. Defendant is doing business in Kansas and the Kansas Act Against Discrimination K.S.A. 44-1001, et. seq. applies, as they have more than four employees.

## IV. ADMINISTRATIVE REMEDIES

8. The Equal Employment Opportunity Commission (EEOC) investigated this and granted Plaintiff a "right to sue" letter, mailed to her on March 31, 2021, EEOC Charge #563-2020-022-75. Plaintiff exhausted her administrative remedies with the Kansas Human Rights Commission.

## V. FACTS

9. The Plaintiff was discharged by Airxcel on June 5, 2020, with the reason for the discharge being stated by Defendant as COVID-19.

10. Plaintiff had a worker's compensation case, File No. 1158-01-03, with said claim being settled in 2003. Plaintiff had hurt her back working at Airxcel, Inc. The injuries were at the L4-L5 level on her spine.

3

11. In 2001, Defendant accommodated Plaintiff by moving her off the assembly line to a sit-down job as an inspector.

12. After injuring her back, and making a worker's compensation claim, Plaintiff's back got worse in the L2-L3 area, along with spinal stenosis and degenerative disc disease.

13. Plaintiff currently has a disease of the faucet C4-5 and narrowing at C6-7, narrowing left protrusion, C5-6 bulging and narrowing, C4-5 disc bulge and faucet joint disease. Defendant was aware of Plaintiff's disability and restrictions.

14. As Plaintiff's disability worsened, Defendant did give her an accommodation at first in 2001, which was a sit down in an inspection lab. However, in 2017, in spite of her increasingly injured back, she was given additional duties which involved walking back and forth across the factory for several years, sometimes walking up to five or six miles a day. She was given the additional duties of reading freon levels on outside tanks. She received steroid shots in her lower back, knees and neck.

15. In 2020, Plaintiff brought an update from her doctor dated April 2020. She asked for a job that would accommodate the condition of her back. Plaintiff was told that they were looking for something, but didn't have any "sit down jobs." However, there were sit down jobs available.

16. Plaintiff received a letter on June 5, 2020, telling her that she was permanently laid off due to COVID-19. Before she was laid off, Plaintiff was set up for back surgery, but Airxcel was not going to give her accommodations to work around her restrictions, and Defendant closed its doors due to COVID-19 the same month. Plaintiff has had shots in her neck and back in February of 2019 at a laser spine institute in Tampa, Florida.

17. After the short COVID-19 slowdown, Plaintiff was eager to go back to work, assuming Defendant would accommodate her. She was passed over for jobs that would accommodate her. Instead, younger people were hired for jobs she was qualified for. Also, workers without disabilities were hired even though she was qualified.

18. As an example, Plaintiff could have been a customer service representative, or anything which allowed her to sit 5 hours a day. However, instead of accommodating her, she was permanently laid off on June 5, 2020. The COVID-19 crisis hit in 2020, local news media reported on April 20, 2020, "Airxcel Laying Off Hundreds in Wichita." Plaintiff and a majority of the employees were furloughed as part of this COVID-19 slowdown.

19. The company manufactures air conditioners for recreational vehicles. The massive furlough of employees was short-lived, because the COVID-19 crisis led to industry growth in the RV sector. Rather than staying at hotels where they might be exposed to COVID-19, many customers purchased or refurbished their RVs to limit their exposure to COVID-19.

20. This surge in popularity of RVs led Defendant to bounce back and end the furloughs to add new employees, most younger than Plaintiff. On May 5, 2020, the Wichita Business Journal reported "Airxcel Fires Back Up Wichita Production Plant." A July 17, 2020 article stated, "Airxcel Hiring More than 130 in Wichita as RV Industry Makes a Sudden Surge." The workers who were furloughed were called back. In fact, the factory was only closed for two weeks and then regained full capacity. However, Plaintiff, age 58, was not asked to return, but was laid off permanently.

21. Defendant made clear the reason for Plaintiff's discharge was the COVID-19 crisis. This excuse for firing Plaintiff was pretextual. Said pretext was incoherent, weak, inconsistent and contradictory.

22. In 2021, the Defendant's business has continued to boom with the factory hiring many new workers, most of whom are younger than Plaintiff and for jobs for which Plaintiff is qualified and jobs for which she could be accommodated.

23. Plaintiff's discharge was due to her age and disability.

## VI.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### EQUAL PROTECTION VIOLATION ONE

24. Plaintiff realleges paragraphs 1 to 23 of this Complaint as if fully set forth herein.

25. Defendant deprived Plaintiff of rights protected by the Equal Protection clause of the Fourteenth Amendment to the United States Constitution by establishing, maintaining or enforcing policies which create or foster age discrimination against older employees.

26. In the alternative, if the acts complained of were not committed by the Defendant pursuant to an official policy, practice or custom of Defendant, they were committed by Defendant with the purpose and intent of creating or fostering a hostile work environment toward older employees.

27. The actions toward the Plaintiff occurred in the scope of her employment.

28. The Defendant's conduct was a proximate cause of damages sustained by Plaintiff.

29. Plaintiff has been damaged as a result of Defendant's acts and omissions aforesaid.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages for age discrimination, for punitive damages in an amount sufficient to punish Defendant and deter others, for attorney's fees and costs, for interest as allowed by law and for such other and further relief as is just in the premises.

## SECOND CAUSE OF ACTION

## EQUAL PROTECTION VIOLATION TWO

30. Plaintiff realleges paragraphs 1 to 29 of this Complaint as if fully set forth herein.

31. Defendant, through its agents, servants and employees, in their official capacities, established an official policy, practice or custom of reckless or deliberate indifference to persons in the position of Plaintiff based on disability.

32. Her wrongful discharge on June 5, 2020 was due to her disability.

WHEREFORE, Plaintiff prays for judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages for age discrimination, for punitive damages in an amount sufficient to punish Defendant and deter others, for attorney's fees and costs, for interest as allowed by law and for such other and further relief as is just in the premises.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

## WRONGFUL DISCHARGE

33. Plaintiff realleges paragraphs 1 to 32 of this Complaint as if fully set forth herein.

34. Plaintiff was subjected to wrongful discharge based on her age.

35. Such conduct was based on Plaintiff's age, 58.

36. The discrimination affected a term, condition, or privilege or her employment.

37. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages, including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Age Discrimination in Employment Act of 1967, et seq., and amendments thereto.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE KANSAS AGE DISCRIMINATION IN EMPLOYMENT ACT
## WRONGFUL DISCHARGE

38. Plaintiff realleges paragraphs 1 through 37 as if fully set forth herein.

39. Defendant wrongfully discharged Plaintiff from her employment due to her age. Plaintiff was 58 and was in a protected class due to her advanced age.

40. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for

attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Kansas Act Against Discrimination.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

## WRONGFUL DISCHARGE

41. Plaintiff realleges paragraphs 1 through 40 as if fully set forth herein.

42. Defendant wrongfully discharged Plaintiff from her employment due to her disability to her back, neck and knees. Said disability was caused in large part by her 36 year career with Defendant.

43. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Americans with Disabilities Act.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE KANSAS ACT AGAINST DISCRIMINATION

## WRONGFUL DISCHARGE

44. Plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

45. Defendant wrongfully discharged Plaintiff from her employment due to her disability to her back, neck and knees. Said disability was caused in large part by her 36 year career with Defendant.

46. As a result of Defendant's acts and omissions, Plaintiff has in the past and will in the future suffer damages including, but not limited to, mental and emotional distress; fear; anguish; humiliation; embarrassment; lost enjoyment of life; lost wages, benefits, future earnings, and other emoluments of employment.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount which will fully and fairly compensate her for her injuries and damages, for interest as allowed by law, for attorney's fees, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Kansas Act Against Discrimination.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff, Janiece Strunk, respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in any employment practice which discriminates of age, race, or retaliation.

B. Order the Defendant to pay Plaintiff back pay, front pay, compensatory damages, consequential damages and liquidated damages in the amounts to be proven at trial, and all other affirmative and equitable relief necessary to eradicate the effects of Defendant's unlawful employment practices.

C. Direct the Defendant to expunge all negative reports in Plaintiff's personnel file.

D.  Order Defendant to pay Plaintiff punitive damages for its malicious and reckless conduct in an amount to be determined at trial.

E.  Award the Plaintiff her reasonable attorney's fees and expert witness fees.

F.  Award Plaintiff her costs in this action.

G.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial on all matters raised in her Complaint.

Dated this ___ day of June 2021.

Respectfully Submitted,

Janiece L. Strunk, Plaintiff

By:  s/Martin J. Keenan
Martin J. Keenan, #12340
Martin J. Keenan, LLC
121 S. Whittier St., Suite 420
Wichita, KS 67207
Office: (316) 689-3503
Cell: (620) 793-0347
keenanlawyer@gmail.com
Attorney for Plaintiff

11