IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


JANIECE L. STRUNK,

       Plaintiff,

v.                                      Case No. 21-1164-JWB

AIRXCEL, INC.,

       Defendant.


**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion to dismiss.  (Doc. 9.)  The motion is fully briefed and is ripe for decision.  (Docs. 10, 15, 18.)  For the reasons stated herein, the motion to dismiss is GRANTED IN PART and DENIED IN PART.

**I.  Facts**

The following allegations are taken from Plaintiff's complaint and are assumed to be true for purposes of deciding Defendant's motion to dismiss.  Plaintiff is 58 years old and suffers from a disability as the result of spinal stenosis, degenerative disc disease, and other conditions.  (Doc. 1 at 4.)  She was employed for 36 years by Defendant at its Wichita facility, where Defendant manufacturers air conditioners for recreational vehicles ("RVs").  In 2001, Plaintiff hurt her back working at Defendant's facility and filed a workers compensation claim.  Defendant accommodated Plaintiff by moving her off the assembly line to a position as a sit-down inspector. The workers compensation claim was settled in 2003.  (*Id.* at 3.)

Plaintiff's back and disability has worsened, a fact of which Defendant was aware.  In 2017, Plaintiff, was given additional duties that involved walking back and forth across the factory

– sometimes up to five or six miles a day – as well as reading freon levels on outside tanks.  Due to the pain she experienced, Plaintiff received steroid injections in her lower back, knees, and neck. In 2020, Plaintiff brought an update from her doctor and asked for a job that would accommodate her back condition.  Defendant told Plaintiff "they were looking" but did not have any sit-down jobs available, although Plaintiff alleges that sit-down jobs were in fact available.  (*Id.* at 4.)

As the result of a COVID-19 slowdown, Plaintiff and a majority of Defendant's employees were furloughed.  Plaintiff received a letter on June 5, 2020 telling her she was permanently laid off due to COVID-19.  Prior to receiving the letter, Plaintiff had scheduled back surgery, but Defendant was not going to give her accommodations to work around her restrictions.  Defendant temporarily shut its doors in June 2020.  The shut-down was short-lived, however, as the COVID-19 crisis led to a surge in demand for RVs.  In fact, the factory was closed for only two weeks and then regained full capacity.  Defendant added new employees, most of whom were younger than Plaintiff, and called back workers who were furloughed.  Plaintiff was not asked to return.  (*Id.* at 5.)

Plaintiff alleges she was eager to return to work and "assum[ed] Defendant would accommodate her," but she "was passed over for jobs that would accommodate her."  (*Id.*)  For example, Plaintiff alleges she could have performed the job of customer service representative or some other job that would have allowed her to sit five hours a day.  "Instead, younger people were hired for jobs she was qualified for" and "workers without disabilities were hired even though she was qualified."  (*Id.*)  Plaintiff alleges that the stated reason for her termination – the COVID-19 crisis – was a pretextual excuse for firing her, and that she was discharged due to her age and disability.

Counts I and II allege claims for violation of the constitutional right to equal protection of the laws.  In response to Defendant's motion noting that the Equal Protection Clause only limits governmental conduct, Plaintiff states that the claims were included in the complaint by error and concedes they should be dismissed.  (Doc. 15 at 1.)  Counts I and II will accordingly be dismissed.

Count III alleges a claim for discriminatory discharge based on age in violation of the Age Discrimination in Employment Act (ADEA).  Count IV alleges a similar claim under the Kansas Age Discrimination in Employment Act (KADEA).  Count V alleges a claim for discriminatory discharge on account of a disability in violation of the Americans with Disabilities Act (ADA), and Count VI alleges a similar claim under Kansas law.  (Doc. 1.)

Defendant's motion to dismiss, in addition to seeking dismissal of Counts I and II, argues Plaintiff's age discrimination claims (Counts III and IV) fail because there "is simply no factual allegation tying Plaintiff's age to the decision to permanently end her employment in connection with the staff reductions" in 2020.  (Doc. 10 at 8.)  As such, it argues, Plaintiff's "bald and conclusory statements unsupported by any specific factual allegations that she was discriminated against because of her age do not suffice to support her ADEA and KADEA claims." (*Id.* at 8-9.) Defendant's motion does not seek dismissal of Plaintiff's disability claims (Counts V and VI).

**II.  Standard**

In order to withstand a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face.  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff.  *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008).  Conclusory allegations, however, have no

bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

### III.  Analysis

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age…. 29 U.S.C. § 623(a)(1).  Although a plaintiff does not need to establish a prima facie case in the complaint to survive a motion to dismiss, the court considers the elements of an ADEA claim to help determine whether the claim is plausible. *See Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020).  A plaintiff claiming she was terminated because of age can establish a prima facie case of discrimination by showing: 1) she is within the protected class of individuals over 40 years of age; 2) she was performing satisfactory work; 3) the defendant terminated her employment; and 4) the defendant replaced her with a younger person, although not necessarily one less than 40 years of age. *See Adamson v. Multi Cmty. Diversified Servs., Inc.,* 514 F.3d 1136, 1146 (10th Cir. 2008); *see also Schindler v. Bierwirth Chrysler/Plymouth, Inc.*, 15 F. Supp. 2d 1054, 1056 n.4 (D. Kan. 1998) (noting age discrimination claims under the KADEA are evaluated under the same criteria used to evaluate ADEA claims).

Plaintiff's age discrimination claims assert that she "was subjected to wrongful discharge based on her age."  (Doc. 1 at 7.)  The complaint's allegations of age discrimination are not a model of clarity.  For example, the allegations repeatedly jump backward and forward in time:

> 16. Plaintiff received a letter on June 5, 2020, telling her that she was permanently laid off due to COVID-19. Before she was laid off, Plaintiff was set up for back surgery, but Airxcel was not going to give her accommodations to work around her restrictions, and Defendant closed its doors due to COVID-19 the same month. Plaintiff has had shots in her neck and back in February of 2019 at a laser spine institute in Tampa, Florida.

17. After the short COVID-19 slowdown, Plaintiff was eager to go back to work, assuming Defendant would accommodate her. She was passed over for jobs that would accommodate her. Instead, younger people were hired for jobs she was qualified for. Also, workers without disabilities were hired even though she was qualified.

18. As an example, Plaintiff could have been a customer service representative, or anything which allowed her to sit 5 hours a day. However, instead of accommodating her, she was permanently laid off on June 5, 2020. The COVID-19 crisis hit in 2020, local news media reported on April 20, 2020, "Airxcel Laying Off Hundreds in Wichita." Plaintiff and a majority of the employees were furloughed as part of this COVID-19 slowdown.

(Doc. 1 at 4-5.)

Viewing the allegations and all reasonable inferences in the light most favorable to Plaintiff, the court concludes Plaintiff has alleged sufficient facts to state a plausible claim that she was terminated based on age. Among other things, Plaintiff alleges that Defendant falsely represented to her before the COVID-19 furloughs that there were no sit-down positions available, when in fact there were. An employer's false representation about the availability of a job to an older worker could, absent some explanation, contribute to an inference of age discrimination. The complaint further alleges that although a majority of employees were furloughed, Defendant quickly resumed production and "[t]he workers who were furloughed were called back" – although Plaintiff was not – and Defendant hired new employees who were younger than Plaintiff. The circumstances surrounding the furloughs are not set forth with any great clarity, but the court cannot say that fact requires dismissal at this stage of the proceedings. Plaintiff has alleged facts indicating she was 58 years old, she was performing satisfactorily, she was terminated, and her colleagues were called back with additional younger workers being brought in to fill positions for which she was qualified. Plaintiff has plausibly alleged she was terminated under circumstances suggesting her age could have been a basis for the termination. *Cf. Berry v. Airxcel Inc.*, No. 2021

WL 4263489, *5 (D. Kan. Sept. 20, 2021) (finding allegations were sufficient to make it plausible that defendant replaced plaintiff with a younger person).

**IV Conclusion**

Defendant's motion to dismiss (Doc. 9) is GRANTED IN PART and DENIED IN PART. The motion is GRANTED as to the equal protection claims in Counts I and II; those counts are hereby DIMISSED.  The motion is DENIED as to the age discrimination claims in Counts III and IV.  IT IS SO ORDERED this 22nd day of November, 2021.


_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE